UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPERT M. ROE,<br><br>Plaintiff,<br><br>v.<br><br>PAT HORN, *et al.*,<br><br>Defendants. | Case No. 1:24-CV-01339-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Rupert M. Roe is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed the complaint commencing this action on November 1, 2024. (*Id.*).[1] Plaintiff alleges that he was injured when he slipped and fell on a wet floor after the facility failed to repair a water leak in his cell.

On December 29, 2025, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 10). The Court gave Plaintiff thirty days to file a first amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 8-9). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in

---

[1] The action was reassigned to the undersigned on October 6, 2025. (ECF No. 9).

1

the dismissal of this action." (*Id.* at 9).

The deadline to respond to the screening order has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff sues Pat Horn, Warden at Kern Valley State Prison, "John Doe…employed as plumbers," and "John Doe…Plant Operations." (ECF No. 1 at p. 3). Plaintiff alleges the following:

Plaintiff is incarcerated at Kern Valley State Prison. (*Id.*). On March 28, 2024, he was housed to B4-B115 and immediately noticed the front half inside the cell was already flooded with water and filth. (*Id.*). Building floor staff, Lewinski and Sengphong, provided Plaintiff with a floor towel and disinfectant and assured him a work order was submitted for the water leak. (*Id.*). The work order was "unresponsive" for weeks, along with "many work orders unresponsive," "even as a month late unresponsive." (*Id.*).

"Plumbers/plant operation" knowingly ignored the nature of this hazardous job and emergency protocols. (*Id.* at p. 4). On one occasion, a counselor submitted an A.D.A. emergency work order and A.D.A. plumbers responded after 24 hours. (*Id.*). Plant operations knowingly neglect their job duties. (*Id.*).

On January 18, 2024, Plaintiff got up in the middle of the night to use the toilet and slipped and fell, injuring his mid/lower back. (*Id.* at p. 4). The fall was caused by water leaking into his cell, awaiting plumbers/plant operation to address and resolve the inoperability. (*Id.*). Forty-four days after the slip and fall, on March 1, 2024, Plaintiff again slipped and fell as a result of water leaking into the cell, arriving from a "pipe chase water leak" and "lower B-tier showers" into the B4-B115 housing cells. (*Id.*). "As a result of this ongoing neglect," Plaintiff endured "excruciating pain to [his] broke/fractured ribs arriving from another slip and fall for the second time in the same cell." (*Id.*). The water intrusion remains unresolved. (*Id.*).

Plaintiff seeks injunctive relief with an order requiring Defendants to "[r]esolve [the] water leak" and monetary damages in the amount of $100,000,000. (*Id.* at 5).

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

*Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer,* 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer,* 511 U.S. at 835; *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998).

///

1. Slip-and-Fall Claim

In the Ninth Circuit, a slip-and-fall claim is not cognizable unless there are exacerbating conditions. As a court in this district explained in *Coleman v. Frauenheim*:

> Under the Eighth Amendment, "slippery prison floors...do not state even an arguable claim for cruel and unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted). Indeed, federal courts have repeatedly rejected Eighth Amendment slip and fall claims. *See Oubichon v. Carey*, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases); *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.") ); *see also Collier v. Garcia*, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing § 1983 claim alleging prisoner slipped and fell in his cell in a puddle of water from a leaking chase); *Aaronian v. Fresno Cty. Jail*, 2010 WL 5232969, at *2–*3 (E.D. Cal. 2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not cognizable); *Gilman v. Woodford*, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaky roof known to defendants), *aff'd by* 2008 WL 686740 (9th Cir. March 12, 2008) (unpublished memorandum disposition). Therefore, in order state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions; inmate using crutches had repeatedly fallen and injured himself on slippery shower floors); *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (finding prisoner failed to plead any exacerbating conditions which rendered him unable to provide for his own safety).
>
> Plaintiff's allegations that he sustained an injury from a slip and fall demonstrate negligence at most. Although provided with the legal standards, Plaintiff has not pled any conditions that rendered him unable to provide for his own safety, preventing him from avoiding puddles or rendering him unable to perceive the slippery conditions. *Osolinski*, 92 F.3d at 938; *Mancinas v. Brown*, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1, 2018) (dismissing prisoner's § 1983 claim that known, ongoing leak caused puddle, resulting in slip and fall).

No. 1:17-cv-01276-DAD-BAM (PC), 2018 WL 2463855, at *3 (E.D. Cal. June 1, 2018) (alterations in original).

Plaintiff's allegations do not state a claim for unconstitutional conditions of confinement under these legal standards. Plaintiff has alleged that prison officials acted with negligence, resulting in him slipping and falling on leaking water. Plaintiff's complaint states that plant operations "neglect their job duties" and "[a]s a result of this ongoing neglect," he was injured.

Therefore, Plaintiff has not stated a cognizable claim that his constitutional rights were violated with respect to the leaks.

### C. Linkage Requirement and Supervisory Liability

Plaintiff's complaint also fails to state a constitutional claim against any defendant because Plaintiff does not link his allegations to any individual. Plaintiff does not describe what any particular defendant did or failed to do. (ECF No. 1 at pp. 2-5) Plaintiff has not alleged a particular person or alleged sufficient facts to allow identification of a particular individual. Plaintiff's allegations referring to "plumbers/plan operation" at "Kern Valley State Prison" "knowingly neglect[] job duties" are too vague and conclusory to be sufficient. (*Id.*, at pp. 3-4).

Additionally, Plaintiff names Pat Horn, Warden, as a defendant, but alleges no specific facts regarding Warden Horn. (ECF No. 1). Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676–77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and

7

internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under these legal standards, Plaintiff fails to state a claim for supervisory liability against Warden Horn.

### IV. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order. (ECF No. 10).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. (ECF No. 10). This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade, and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of

possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. Given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, as noted above, Plaintiff has failed to state a claim or respond to the Court's screening order despite being given the relevant legal standards and the opportunity to file an amended complaint. Thus, the lack of any viable claim supports a dismissal with prejudice rather than a lesser sanction. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal with prejudice is appropriate.

## V.   ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

Further, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 12, 2026**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE